IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| Saul Cruz, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CV-08-HS-0342-M |
| ) | |
| Cinram International Inc.; Cinram, ) | |
| Inc.; Elwood Tri, Inc. d/b/a Elwood ) | |
| Staffing; Blair Staffing, Inc.; and ) | |
| LyonsHR, Inc. ) | |
| ) | |
| Defendants. ) | |

## DEFENDANT CINRAM, INC.'S MOTION FOR MORE DEFINITE STATEMENT AND FOR ORDER REQUIRING RICO CASE STATEMENT

Defendant Cinram, Inc. (hereafter "Cinram"), pursuant to Fed. R. Civ. P. 12(e), hereby respectfully moves this Court to require Plaintiff to provide a more definite statement relating to his claims and allegations under the Racketeer Influenced and Corrupt Organization ("RICO") Act. Cinram also respectfully requests this Court to order Plaintiff to submit a RICO Case Statement outlining the specific conduct of which he complains.

### INTRODUCTION

Plaintiff Saul Cruz filed this action against Cinram International Inc.; Cinram, Inc.; Elwood Tri, Inc. d/b/a Elwood Staffing; Blair Staffing, Inc. and LyonsHR, Inc. purporting to represent a class of similarly-situated individuals.

1

01626254.1

Plaintiff's First Amended Complaint ("Complaint") alleges that "Cinram" "has engaged in the illegal hiring of persons who are not eligible for employment in the United States . . . in an effort to keep labor costs as low as possible."[1] (Compl. ¶ 17.) Plaintiff further alleges that "Cinram" provides incentives to Elwood Tri, Inc. d/b/a Elwood Staffing; Blair Staffing, Inc. and LyonsHR, Inc. (collectively the "Staffing Agency Defendants") to assist in locating such unauthorized workers. (Compl. ¶ 22.) According to Plaintiff's Complaint, Defendants' actions constitute violations of 18 U.S.C. § 1962(c) of the Racketeer Influenced and Corrupt Organizations ("RICO") Act and give rise to common-law negligence.[2]

Plaintiff's Complaint, however, falls short of pleading the RICO claim with the requisite level of specificity. As a result, Plaintiff has failed to describe Cinram's challenged conduct with sufficient particularity to allow Cinram to defend itself. Such minimal specificity is particularly necessary here given the allegedly serious criminal nature of Plaintiff's accusations and the *in terrorem* effect of a RICO claim generally. As a result, this Court should require Plaintiff to plead his RICO claim with the requisite specificity required by law and order Plaintiff to file a RICO Case Statement.

---

[1] Cinram vigorously denies that it has engaged in any such hiring of illegal aliens or any other criminal behavior.

[2] Plaintiff also indicates in Paragraph 2 of the Complaint that this purported class action is "under" 42 U.S.C. § 1981 and 42 U.S.C. §§ 2000e. However, Plaintiff makes no further mention of these statutes in his Complaint. Accordingly, this portion of Plaintiff's Complaint should be stricken.

01626254.1

## LEGAL ARGUMENT

**A.     This Court Should Require Plaintiff to Provide a More Definite Statement of His RICO Claims Because Plaintiff Has Failed To Plead His RICO Claim with the Requisite Specificity.**

Predicate acts underlying civil RICO claims must be pled with the level of specificity prescribed in Fed. R. Civ. P. 9(b). *See, e.g. Ambrosia Coal & Const. Co. v. Pages Morales,* 482 F.3d 1309, 1316-17 (11th Cir. 2007) ("*Ambrosia*") (explaining that civil RICO claims must be pled in accordance with Rule 9(b)); *Blackburn v. Calhoun,* 2008 WL 850191, *9 (N.D. Ala. March 4, 2008) ("*Blackburn*") (same). The District Court of Georgia explained the basis of this requirement as follows:

> there are many sound reasons for requiring that, like fraud, [RICO] must be pled with particularity. First, the mere invocation of the statute has such an *in terrorem* effect that it would be unconscionable to allow it to linger in a suit and generate suspicion and unfavorable opinion of the putative defendant unless there is some articulable factual basis which, if true, would warrant recovery under the statute. Second, the concepts within the statute are so nebulous that if the cause of action were only generally pled, a defendant would have no effective notice of a claim showing that the pleader is entitled to relief. Therefore, the court believes that it is appropriate to require that RICO be pled with the same particularity that is required in the pleading of fraud.

*Taylor v. Bear Stearns & Co.,* 572 F. Supp. 667, 682 (D. Ga. 1983).

In complying with the requirements of Rule 9(b), a Plaintiff in a RICO claim must allege: "(1) the precise statements, documents, or misrepresentations made; (2) the time and place of and person responsible for the statement; (3) the content

and manner in which the statements misled the Plaintiffs; and (4) what the Defendants gained by the alleged fraud." *Ambrosia*, 482 F.3d 1309 at 1316-17. Stated differently, under Rule 9(b) a plaintiff must at a minimum state "the who, what, when where, and how." *Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1262 (11th Cir. 2006) (internal citations omitted).

Here, Plaintiff's RICO allegations fall woefully short of the Rule 9(b) standard. By way of example, Plaintiff alleges that Cinram violated 18 U.S.C.A. § 1546, a criminal statute punishing those guilty of "Fraud and misuse of visas, permits, and other documents." (Compl. ¶ ¶ 54-55.)   Plaintiff alleges that the violation of this statute, *inter alia*, constitutes a predicate act upon which his RICO claim is based. (Compl. ¶ 56.)   However, the full extent of Plaintiff's allegations regarding Cinram's purported violations of 18 U.S.C.A. § 1546 are limited to the following:

> 54.   Defendants' racketeering activity also includes open and ongoing violations of 18 U.S.C. § 1546(a), including Cinram's acceptance of identification documents and other documents that authorize employment in the United States that Defendants knew or had reason to know were not lawfully issued for the bearer's use, were false and/or were obtained by false statements.
>
> 55.   Defendants have also violated and continues [sic] to violate 18 U.S.C. § 1546(b) by using identification documents that Defendant new or had reason to know were not lawfully issued to the bearer to falsely verify the eligibility of the persons presenting them to work at Cinram, and recording from those documents on I-9 forms.

(Compl. ¶ ¶ 54-55.)

4

01626254.1

Neither Paragraph 54 nor 55 even begins to identify "who" at Cinram accepted or used unlawful documents, or who at Cinram knew that such documents were unlawful. Similarly, Plaintiff fails to indicate "what" "identification and other documents" Cinram used. Next, Plaintiff fails to explain "when" any of the alleged misconduct took place. Finally, Plaintiff does not describe "how" Cinram allegedly obtained the documents or "how" Cinram used the documents internally to perpetrate this purported scheme. Indeed, Plaintiff's entire Complaint relating to his RICO claims falls far short of meeting the Rule 9(b) standard.

Furthermore, Plaintiff's Complaint merely lumps all Defendants together, and makes no effort to allege how each separate Defendant (and their employees and/or agents) allegedly participated in the purported scheme. Plaintiffs in a RICO complaint are required to set forth the nature of each defendant's individual conduct as opposed to simply lumping together all of the defendants as Plaintiff has done here. *See Ambrosia*, 482 F.3d at 1316-17; *Blackburn*, 2008 WL 850191 at *9. Plaintiff must allege the who, what, when, where, and how as it relates to each Defendant. *See Ambrosia*, 482 F.3d at 1316-17; *Blackburn*, 2008 WL 850191 at *9. In reality, all Plaintiff has done here is merely incorporate "Defendants" and "Cinram" into the applicable statutory language. As such, Plaintiff's Complaint does not meet the pleading requirements in any case, much less a RICO claim. *See Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964 (2007) (explaining that a

complaint must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.").

In sum, Plaintiff's Complaint, in its current form, fails to apprise Cinram (or any of the Defendants) of its specific participation in the alleged wrongful acts. In this case, Cinram denies that anyone committed the serious criminal offenses alleged by Plaintiff, and it is essential that Plaintiff plead these allegations with particularity so that Cinram may properly defend itself and its employees.

In light of these legitimate concerns and the pleading requirements applicable to RICO complaints, and because Plaintiff's Complaint, as demonstrated, fails to meet these standards, Cinram respectfully requests this Court to order Plaintiff to provide a more definite statement regarding his RICO claims.

### B. This Court Should Require Plaintiff To Submit a RICO Case Statement Pursuant To the Heightened Rule 11 Requirements Applicable to RICO Actions.[3]

An attorney filing a RICO action has a heightened duty of investigation under Fed. R. Civ. P. 11. As one court explained:

> it should be noted that an attorney's responsibility to conduct a reasonable prefiling investigation is particularly important in RICO claims: Given the resulting proliferation of civil RICO claims and the potential for frivolous suits in search of treble damages, greater responsibility will be placed on the bar to inquire into the factual and

---

[3] This argument does not in any way suggest or imply that Plaintiff's counsel, who is a highly respected attorney, has in any manner failed to comply with Rule 11. Rather, it is precisely Plaintiff's counsel's assuredly proper Rule 11 prefiling investigation which should make the provision of a RICO Case Statement, with the requisite level of detail, a non-burdensome task.

6

01626254.1

legal bases of potential claims or defenses prior to brining such suit or risk sanctions for failing to do so.

*Chapman & Cole v. Itel Container Int'l*, 865 F. 2d 676, 685 (5th Cir. 1989).

To ensure that attorneys have conducted such an investigation and have complied with the heightened Rule 11 requirements attendant to RICO actions, federal district courts around the country have required plaintiffs to file RICO Case Statements along with their complaints.[4] Indeed, United States District Courts located in Florida and Georgia, along with other numerous courts around the country, require submission of a RICO Case Statement pursuant to local rule. *See* S.D. Fla. R. 12.1 (attached hereto as Exhibit A, including the required form of the RICO Case Statement); S.D. Ga. R. 9.1 (attached hereto as Exhibit B, including the required form of the RICO Case Statement). Federal district courts in Alabama

---

[4] *See, e.g., McLaughlin v. Anderson*, 962 F. 2d 187, 189 (2d Cir. 1992); *Guidry v. Bank of LaPlace*, 954 F. 2d 278, 281 (5th Cir. 1992); *Miranda v. Ponce Federal Bank*, 948 F. 2d 41, 44n. 3 (1st Cir. 1991); *City of New York v. ESmokes, Inc.*, 2005 WL 372044 (S.D. N.Y. 2005); *Sun City Taxpayers' Ass'n v. Citizens Utilities Co.*, 847 F. Supp. 281 (D. Conn. 1994); *Richmond v. Nationwide Cassel L.P.*, 847 F. Supp. 88 (N.D. Ill. 1994); *In re National Health Laboratories Securities Litigation*, 1993 WL 331002 (S.D. Cal. 1993); *Discon Inc v. NYNEX Corp.*, 1992 WL 193683 (W.D. N.Y. 1992); *MAACO Enterprises, Inc. v. Wilbanks*, 1992 WL 189485 (E.D. Pa. 1992); *Chartrand v. Chrysler Corp*, 785 F. supp. 666, 668 (E.D. Mich. 1992); *Mid-State Electric v. H.L. Libby Corp.*, 141 F.R.D. 255, 257 (W.D. Pa. 1992); *Kingston Square Tenants Ass'n v. Tuskeegee Gardes, Ltd.*, 792 F.Supp. 1566, 1578 (S.D. Fla. 1992).*Porter v. Shearson Lehman Bros. Inc.*, 802 F. Supp. 41, 52 (S.D. Tex. 1992); *Household Bank FSB v. Metro Associates*, 1992 WL 350239 (E.D. La. 1992); *Chicago Housing Authority v. First Nat. Retirement Services, Inc.*, 1992 WL 168814 (N.D. Ill. 1992); *United Power Ass'n, Inc. v. L.K. Comstock & Co.*, 1990 WL 120674 (D. Minn. 1990); *VSA v. Von Weise Gear Co.*, 769 F. Supp. 1080, 1081 (e.D. Mo. 1991); *Marriott Bros. v. Gage*, 717 F. Supp. 458, 460 (N.D. Tex. 1989); *Jae-Soo Yang Kim v. Pereira Enterprises, Inc.* 694 F. Supp. 200, 202 (E.D. La. 1988); *Davis v. A.G. Edwards & Sons, Inc.*, 687 F. Supp. 266, 267 (W.D. La. 1988); *McLemore v. Landry*, 668 F. Supp. 531, 533 (M.D. La. 1987); *Robinson v. Kidder, Peabody & Co., Inc.*, 674 F. Supp. 243, 246 (E.D. Mich. 1987); *Folz v. BancOhio Nat. Bank*, 88 B.R. 149, 151 (S.D. Ohio 1987).

have also required RICO Case Statements to ensure compliance with Rule 11. *See, e.g., Farley v. Saxon Mortgage Co.*, CV-06-CO-01864 (N.D. Ala.) (March 9, 2007 Order of Judge Coogler requiring RICO Case Statement is attached hereto as Exhibit C); *DePaola v. Nissan North America, Inc.*, 2006 WL 1181131, *12 (M.D. Ala. May 2, 2006) (Order requiring RICO Case Statement attached hereto as Exhibit D).

Further, requiring a RICO Case Statement also complements the heightened pleading requirements associated with RICO claims and would assist in apprising Cinram (and indeed, all of the Defendants) of its alleged participation in the purported wrongful acts as explained above. Additionally, a RICO Case Statement will be especially beneficial in the management of the instant action, given that it is a purported class action.

For these reasons, Cinram respectfully requests this Court to order Plaintiff to submit a RICO Case Statement in a form similar to the Proposed Order attached hereto as Exhibit E.

## CONCLUSION

Because the allegations in Plaintiff's Complaint in support of his RICO claim fall woefully short of the heightened pleading standards applicable to RICO actions, Cinram respectfully requests this Court to order Plaintiff to provide a more definite statement of his RICO claims. Further, Cinram respectfully requests this

Court to order Plaintiff to submit a RICO Case Statement in a form similar to the Proposed Order attached hereto.

Additionally, counsel for Plaintiff has been consulted regarding the meeting of the parties pursuant to N.D. Ala. R. 26.1, and has agreed to extend the deadline for this meeting until forty-five (45) days after Cinram, Inc. and Cinram International have filed a responsive pleading, if so required. Cinram, Inc. and Cinram International respectfully request this to Court grant this extension of deadlines.

Respectfully submitted,

s/ J. Ethan McDaniel
Stephen E. Brown
Anthony A. Joseph
Thomas W. Thagard III
David B. Block
J. Ethan McDaniel
Attorneys for Cinram International Inc. and Cinram, Inc.

OF COUNSEL:

MAYNARD, COOPER & GALE, P.C.
1901 Sixth Avenue North
2400 Regions Harbert Plaza
Birmingham, AL 35203-2618
Telephone: 205.254.1000
Fax: 205.254.1999


MAYNARD, COOPER & GALE, P.C.
655 Gallatin Street
Huntsville, Alabama 35801
Telephone: 256.551.0171
Fax: 256.512.0119

01626254.1

## CERTIFICATE OF SERVICE

I hereby certify that on April 18, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Glen M. Connor
WHATLEY, DRAKE & KALLAS, LLP
2001 Park Place North, Suite 1000
PO Box 10647
Birmingham, AL 35202-0647
205-328-9576
Fax: 205-328-9669

David J. Middlebrooks
LEHR MIDDLEBROOKS & VREELAND, PC
2021 Third Avenue North
Post Office Box 11945
Birmingham, AL 35202-1945
205-323-9262
Fax: 205-326-3008

Richard E. Trewhella, Jr
Thomas L. Oliver, II
CARR ALLISON PC
100 Vestavia Parkway, Suite 200
Birmingham, AL 35216
205-822-2006
Fax: 205-822-2057

Travis Carlisle Hargrove
PAGE, SCRANTON, SPROUSE, TUCKER & FORD PC
111 Bay Avenue, Third Floor
Columbus, GA 31901
706-243-5637
Fax: 706-243-0415

s/ J. Ethan McDaniel<br>OF COUNSEL

11

01626254.1