FILED

2008 Aug-28 PM 02:05
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## MIDDLE DIVISION

| | |
|---|---|
| **SAUL CRUZ, individually and on behalf of all others similarly situated,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **Case No.: 4:08-CV-342-VEH** |
| **v.** ) | |
| ) | |
| **CINRAM INTERNATIONAL, INC.;** ) | |
| **CINRAM, INC.; TRI STAFFING;** ) | |
| **BLAIR STAFFING AND** ) | |
| **LOGISTICS; and THE JOB** ) | |
| **CENTER,** ) | |
| ) | |
| **Defendants.** ) | |

---

## MEMORANDUM OPINION

Before the court are the following motions:

(1)   Defendant Cinram, Inc.'s Motion for a More Definite Statement and for an Order Requiring the Plaintiff to file a RICO Case Statement (Doc. 19), filed on April 18, 2008;

(2)   Defendant LyonsHR, Inc.'s Motion for a More Definite Statement and for an Order Requiring the Plaintiff to file a RICO Case Statement (Doc. 24), filed on April 18, 2008;

(3)   Defendant Blair Staffing, Inc.'s Motion for a More Definite Statement

and for an Order Requiring the Plaintiff to file a RICO Case Statement (Doc. 22), filed on April 18, 2008;

(4)     Defendant Cinram International, Inc.'s Motion to Dismiss this action against it (Doc. 20), filed on April 18, 2008; and

(5)     Defendant Elwood Tri, Inc.'s Motion to Dismiss this action against it, (Doc. 27), filed on April 24, 2008.

For the reasons explained herein, the motions of Cinram, Inc., LyonsHR, Inc., and Blair Staffing, Inc., ("Movants") for a More Definite Statement and for an Order requiring the Plaintiff to file a RICO Case Statement are due to be **GRANTED**. Accordingly, the  motion of Elwood Tri, Inc., to dismiss this action against it is due to be **DENIED WITHOUT PREJUDICE** to its right to refile the motion after Cruz files a more definite statement and a RICO Case Statement.  Finally, the motion of Cinram International, Inc. to dismiss this action against it is due to be **DENIED as MOOT**.

## I.      FACTUAL AND PROCEDURAL HISTORY

The Plaintiff, Saul Cruz ("Cruz"), is a former employee of Cinram, Inc. ("Cinram"), a manufacturer of pre-recorded Digital Video Discs.[1]  (Complaint, doc. 1, ¶¶ 4, 8).   Cinram employs approximately 1,100 hourly workers at its facility in

---

[1]  The dates of Cruz's employment with Cinram are unclear.

Huntsville, Alabama.  (Amended Complaint, doc. 15, ¶ 16).

Cruz initiated this action on February 26, 2008, by filing his Complaint against Defendants Cinram, Cinram International, Inc., Tri Staffing, Blair Staffing and Logistics, and The Job Center (referred to collectively as "Defendants").[2] (Complaint, Doc. 1).

In his Complaint, Cruz alleges that Cinram, with the assistance of Tri Staffing, Blair Staffing and Logistics, and The Job Center, knowingly recruited and employed workers from Nepal, Bolivia, Ukraine, Dominican Republic, and Jamaica, many of whom were not eligible for employment in the United States.  (*Id*., ¶ 2).  Cruz alleges that Defendants' conduct constituted negligence and violated the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961, *et seq*., as well as 42 U.S.C. §§ 1981 and 2000e.  (Doc. 15, ¶ 2).[3]

On April 10, 2008, Cruz filed an Amended Complaint (doc. 15), in which he substituted Defendants Blair Staffing, Inc., Elwood Tri, Inc., and LyonsHR, Inc., for

---

[2] Cinram International, Inc., is the parent company of Cinram.  (Complaint, doc. 1, ¶ 4).  According to the Complaint, Cinram hires many of its 1,100 Huntsville employees via referrals from Blair Staffing and Logistics, Tri Staffing, and The Job Center.  (*Id.*).

[3] Cruz asserted his claims on behalf of a class of individuals who "are legally authorized to be employed in the United States who were employed by Cinram or who were referred for employment by any of the staffing agency defendants [Blair Staffing and Logistics, Tri Staffing, and The Job Center] at any time from February 22, 2004 to the present."  (Complaint, doc. 1, ¶ 32).

Blair Staffing and Logistics, Tri Staffing, and The Job Center, respectively. (*See also*
doc. 14 (Cruz Response to Order to Show Cause, explaining party substitutions in
Amended Complaint)).

Cruz alleges that Defendants engaged in a scheme to recruit, hire, and/or refer
for employment unauthorized workers for Cinram. (Doc. 15, ¶ 16). According to the
Amended Complaint, Cinram has "knowingly and recklessly accepted as proof of
eligibility for employment false documents that do not match the identity of the
person presenting them, and has directed unauthorized workers to specific staffing
agencies to obtain false employment eligibility documents." (*Id*., ¶ 19). Cruz alleges
that these practices "cause[ ] damage" to Cinram's legally-employed workers by
depressing their wages, and that the unauthorized workers are also damaged because
they are paid substandard wages, deprived of employment benefits, and are otherwise
subject to "oppressive and unfair" employment conditions that cannot be remedied
due to fear of arrest or deportation. (*Id.*, ¶ 6).

On April 18, 2008, Movants filed separate Motions for a More Definite
Statement and for a court Order requiring Cruz to file a RICO Case Statement. (Docs.
19, 22, 24, respectively). Also on April 18, 2008, Cinram International, Inc.,
("Cinram International") filed its Motion to Dismiss the action as against it, and on
April 24, 2008, Elwood Tri, Inc., ("Elwood") filed its Motion to Dismiss. (Docs. 20,

4

27, respectively).[4]  All motions have come under submission and are now subject to the court's review.

## II.    ANALYSIS

Cinram, Blair, and Lyons assert the same grounds in support of their motions for a More Definite Statement and for an Order requiring Cruz to file a RICO Case Statement.  Accordingly, the court will address the three motions as one.

Movants file their motions pursuant to FED. R. CIV. P. 12(e), which provides in relevant part that

> A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired.

### A.    RICO claim

Movants argue that the Amended Complaint fails to apprise them of the factual bases for Cruz's RICO claim, rendering it virtually impossible for them to defend against the claim.

Typically, claims asserted in civil cases must be pled in conformance with FED.

---

[4]  On May 9, 2008, Cruz filed a Notice of Voluntary Dismissal as to Cinram International. Therefore, the Motion to Dismiss filed by Cinram International is due to be **DENIED** as **MOOT**. *See* FED. R. CIV. P. 41(a)(1)(A)(i); *Atlantic Recording Corp. v. Collins*, 2007 WL 1202692 at * 1 (M.D.Ga. 2007) ("Voluntary dismissals filed pursuant to [ ] FED. R. CIV. P. 41(a)(1) allow the parties to bypass the court and effectuate dismissals without a court order").

R. Civ. P. 8(a), which requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," "in order to 'give the defendant fair notice of what the [ ] claim is and the grounds upon which it rests.'" Fed. R. Civ. P. 8(a); *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964, 167 L.Ed.2d 929 (2007), quoting *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

A RICO claim, however, is not a "typical" civil claim that may be sufficiently pled by following Rule 8.  As the court explained in *Taylor v. Bear Stearns & Co.*, 572 F.Supp. 667, 682 (N.D.Ga. 1983),

> there are many sound reasons for requiring that, like fraud, [RICO claims] must be pled with particularity.  First, the mere invocation of the statute has such an *in terrorem* effect that it would be unconscionable to allow it to linger in a suit and generate suspicion and unfavorable opinion of the putative defendant unless there is some articulable factual basis which, if true, would warrant recovery under the statute.  Second, the concepts within the statute are so nebulous that if the cause of action were only generally pled, a defendant would have no effective notice of a claim showing that the pleader is entitled to relief.  Therefore, the court believes that it is appropriate to require that RICO be pled with the same particularity that is required in the pleading of fraud.

*See also Ambrosia Coal & Const. Co. v. Pages Morales*, 482 F.3d 1309, 1316 (11th Cir. 2007) ("[c]ivil RICO claims, which are essentially a certain breed of fraud claims, must be pled with an increased level of specificity"), citing Rule 9(b) and *Brooks v. Blue Cross and Blue Shield of Florida, Inc.*, 116 F.3d 1364, 1380-81 (11th Cir.1997).  This heightened pleading standard is imposed by Fed. R. Civ. P. 9(b),

which provides that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." While it appears from the language of the court in *Ambrosia* that all RICO claims must satisfy Rule 9(b), only those claims that are based on the predicate act of fraud are actually subject thereto. *See Liquidation Com'n of Bano Intercontinental, S.A. v. Renta*, 530 F.3d 1339, 1356-57 (11th Cir. 2008); FED. R. CIV. P. 9(b).

Cruz's Amended Complaint asserts two predicate acts upon which his RICO claim is based. First, Cruz alleges that Defendants' recruitment and employment of illegal workers violated the Immigration and Nationality Act ("INA"), specifically, 8 U.S.C. § 1324(a).[5] The facts provided in support of this claim are as follows:

> Specifically, Defendants have violated and continue to violate 8 U.S.C. § 1324(a)(3)(A), which makes it a federal crime to: "knowingly hire[] for employment at least 10 individuals with actual knowledge that the individuals are aliens…" during a 12-month period. Cinram has violated this provision on the Act, including by employing more than 10 aliens

---

[5] More specifically, Cruz alleges that Defendants violated three subsections of 8 U.S.C. § 1324, including § 1324(a)(3)(A) ("[a]ny person who, during any 12-month period, knowingly hires for employment at least 10 individuals with actual knowledge that the individuals are aliens described in subparagraph (B) shall be fined under Title 18 or imprisoned for not more than 5 years, or both"), § 1324(a)(1)(A)(iii) ("[a]ny person who – (iii) knowing or in reckless disregard of the fact that an alien has come to, entered, or remains in the United States in violation of law, conceals, harbors, or shields from detection, or attempts to conceal, harbor, or shield from detection, such alien in any place, including any building or any means of transportation [ ] shall be punished as provided in subparagraph (B)"), and § 1324(a)(1)(A)(iv) ("[a]ny person who – (iv) encourages or induces an alien to come to, enter, or reside in the United States, knowing or in reckless disregard of the fact that such coming to, entry, or residence is or will be in violation of law [ ] shall be punished as provided in subparagraph (B)").

per year each year for the last four years, knowing that each such person was (a) smuggled or otherwise brought into the United States in violation of U.S. law; (b) illegally harbored once in the United States; (c) not lawfully admitted to the United States for permanent residence and/or; (d) not authorized for employment in the United States.

Defendants have violated and continue to violate 8 U.S.C. § 1324(a)(1)(A)(iii), which makes it a federal crime to "conceal,[], harbor[] or shield from detection, or attempt[] to conceal, harbor or shield from detection … " aliens who have entered the United States illegally. Cinram has violated the provision by (a) knowingly employing unauthorized aliens within its facilities in Alabama and/or (b) taking steps to shield those unauthorized aliens from detection, by, among other things, assisting them in obtaining false employment authorization documents and helping them evade detection during law enforcement searches and inspections.

Furthermore, Defendants have violated and continue to violate 8 U.S.C. § 1324(a)(1)(A)(iv), which prohibits any person or entity from "encourag[ing] or induc[ing] an alien come to, enter, or reside in the United States, knowing or in reckless disregard of the fact that such coming to, entry or residence is or will be in violation of the law[.]" By knowingly or recklessly employing and harboring unauthorized aliens in its [sic] Alabama facilities, Defendants have helped hundreds of aliens avoid detection and enabled them to remain in the United States in violation of U.S. law.

Each violation of 8 U.S.C. § 1324 constitutes an act of "racketeering activity" under the RICO Act, 18 U.S.C. § 1961(F).

(Amended Complaint, doc. 15, ¶¶ 50-53).

Because a violation of § 1324(a) does not necessarily equate to fraud, Cruz

argues that his Amended Complaint need not satisfy Rule 9(b)'s heightened pleading

standard. Instead, Cruz argues, the Amended Complaint is sufficient as-is because

it meets the less-stringent Rule 8(a) pleading standard.

Movants disagree, pointing out that Defendants' alleged INA violation is not the only predicate act asserted in the Amended Complaint.  The second predicate act is a violation of 18 U.S.C. § 1546, which relates to the "[f]raud and misuse of visas, permits, and other documents" in connection with immigration procedure.  To support this claim, Cruz asserts that

> Defendants' racketeering activity also includes open and ongoing violations of 18 U.S.C. §1546(a), including Cinram's acceptance of identification documents and other documents that authorize employment in the United States that Defendants knew or had reason to know were not lawfully issued for the bearer's use, were false and/or were obtained by false statements.

> Defendants have also violated and continues [sic] to violate 18 U.S.C. § 1546(b) by using identification documents that Defendant [sic] new [sic] or had reason to know were not lawfully issued to the bearer to falsely verify the eligibility of the persons presenting them to work at Cinram, and recording information from those documents on I-9 forms.

> Each violation of 18 U.S.C. § 1546 constitutes "racketeering activity" under the RICO Act.

(*Id.*, ¶¶ 54-56).

It thus appears that, of the two predicate acts asserted, only one expressly involves fraud and is clearly subject to Rule 9(b)'s pleading standard.  As to the second predicate act, alleged under 8 U.S.C. § 1324(a), the Eleventh Circuit has instructed that

9

> When a RICO claim is based on predicate acts involving fraud, those predicate acts must be pleaded with particularity, in accordance with FED.R.CIV.P. 9(b). *See, e.g., Ambrosia Coal & Const. Co. v. Pages Morales*, 482 F.3d 1309, 1316-17 (11th Cir.2007); *see also* 5 Wright & Miller, Federal Practice and Procedure § 1251.1. We now hold that RICO predicate acts not sounding in fraud need not necessarily be pleaded with the particularity required by FED.R.CIV.P. 9(b). When fraud is pleaded as an alternative claim, the non-fraud claims in the complaint need not be pleaded with particularity <u>unless the same misrepresentation forms the basis of both the fraud and non-fraud claim</u>. *Wagner v. First Horizon Pharmaceutical Corp.*, 464 F.3d 1273, 1277-78 (11th Cir.2006) (requiring particularized pleading when the same misrepresentation supports fraud claims under Rule 10b-5 and non-fraud claims under § 11 of the Securities Exchange Act). The rule should be the same when the alternative theory of the case is a predicate act rather than an independent claim.

*Renta*, 530 F.3d at 1355-56 (emphasis added).

Therefore, Cruz's claim that Defendants violated 8 U.S.C. § 1324(a) must also satisfy Rule 9(b)'s heightened pleading standard if it is based on the same fraudulent act(s) that supports his claim under 18 U.S.C. § 1546.

As quoted *supra*, the allegations supporting <u>both</u> alleged predicate acts include the fraudulent misuse of immigration documents.  *See* Amended Complaint, doc. 15, ¶¶ 51, 54-55.  Accordingly, based on the reasoning of the Eleventh Circuit in *Renta*, this court finds that the facts supporting both allegations must satisfy Rule 9(b)'s heightened pleading standard.

To meet this standard, the Amended Complaint must set forth (1) the precise

statements, documents, or misrepresentations allegedly made by the Defendants, (2) the time and place of and person(s) responsible for the statement(s), (3) the content and manner in which the statement(s) were misleading, and (4) what the Defendants gained by the alleged fraud. *Ambrosia*, 482 F.3d at 1316-17, citing *Brooks*, 116 F.3d at 1380-81. *See also Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1262 (11th Cir. 2006) (applying Rule 9(b) standard to claims of fraudulent conduct brought under Securities Exchange Act; "[t]his means the who, what, when, where, and how [must be alleged]: the first paragraph of any newspaper story" (internal quotations omitted)). Furthermore, "'in a case involving multiple defendants . . . the complaint should inform each defendant of the nature of his alleged participation in the fraud.'" *Ambrosia*, 482 F.3d at 1317, quoting *Brooks*, 116 F.3d at 1381.

The Amended Complaint satisfies none of these requirements. While Cruz alleges that Defendants used falsified employment authorization documents to conceal the fact that they recruited and/or employed many of Cinram's workers illegally, the Amended Complaint offers no further information to apprise Defendants of the facts supporting this claim. Cruz does not identify who committed what act on behalf of each Defendant, at which location, or on what date.

Furthermore, the Amended Complaint violates Rule 8 in that it asserts Cruz's factual allegations against "Defendants" as a group, with no statements of individual

wrongs by individual defendants.  In a shotgun pleading of this type, neither Defendants nor the court can determine which Defendant(s) allegedly participated in which acts complained of. *See Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp.*, 305 F.3d 1293, 1296 n. 9 (11th Cir. 2002) ("[t]his court has addressed the topic of shotgun pleadings on numerous occasions in the past, often at great length and always with great dismay").

Therefore, the court agrees with Movants that Cruz must file a more definite statement that satisfies Rule 9(b)'s heightened pleading standard as to his allegations that Defendants violated both 18 U.S.C. § 1546 and 8 U.S.C. § 1324.

However, Movants ask the court to Order Cruz to file a RICO Case Statement, apparently in addition to their motion for a more definite statement.  To support this request, Movants argue that an attorney who files a Complaint asserting RICO claims must meet a "heightened duty" of investigation pursuant to FED. R. CIV. P. 11.[6]

---

[6] Rule 11 provides, in relevant part, that

By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

(1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

(2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

Citing to *Chapman & Cole v. Itel Container Intern. B.V.* 865 F.2d 676 (5th Cir.1989), Movants argue that district courts typically require plaintiffs who assert RICO claims to file a RICO Case Statement to ensure that attorneys have complied with Rule 11.  In *Chapman*, the Fifth Circuit explained that

> it should be noted that an attorney's responsibility to conduct a reasonable prefiling investigation is particularly important in RICO claims:  Given the resulting proliferation of civil RICO claims and the potential for frivolous suits in search of treble damages, greater responsibility will be placed on the bar to inquire into the factual and legal bases of potential claims or defenses prior to bringing such suit or risk sanctions for failing to do so.

865 F.2d at 685.

At least one court in this district has ordered a plaintiff to file a RICO Case Statement that details the basis of the RICO claim.  In *Farley, et al., v. Saxon Mortgage Co., et al.,* Case No. 7:06-cv-01864-KOB, doc. 64 (Order, Coogler, J., entered March 9, 2007), citing S.D. Fla. L.R., Gen. Rule 12.1 and U.S. Dist. Ct. Rules S.D. Ga., Civil L.R. 9, the court required a Case Statement in the following format:

1.      State whether the alleged unlawful conduct is in violation of 18 U.S.C. §§ 1962(a), (b), (c), and/or (d). If you allege more than one subsection of § 1962, each must be treated or should be pled as a separate RICO

---

(3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

claim.

2.      List each defendant, and separately state the misconduct and basis of liability of each defendant.

3.      List the wrongdoers, other than the defendants listed above, and separately state the misconduct of each wrongdoer.

4.      List the victims, and separately state when and how each victim was injured.

5.      Describe in detail the pattern of racketeering/criminal activity or collection of an unlawful debt for each RICO claim. A description of the pattern of racketeering/criminal activity shall:

      a.      separately list the predicate acts/incidents of criminal activity and the specific statutes violated by each predicate act/incident of criminal activity;

      b.      separately state the dates of the predicate acts/incidents of criminal activity, the participants and a description of the facts surrounding each predicate act/incident of criminal activity;

      c.      if the RICO claim is based on the predicate offenses of wire fraud, mail fraud, fraud in connection with a case under U.S.C. Title 11, the "circumstances constituting fraud or mistake shall be stated with particularity," FED. R. CIV. P. 9(b) (identify the time, place, and contents of the misrepresentation or omissions, and the identity of persons to whom and by whom the misrepresentations or omissions were made);

      d.      state whether there has been a criminal conviction for any of the predicate acts/incidents of criminal activity;

      e.      describe in detail the perceived relationship that the predicate acts/incidents of criminal activity bear to each other or to some external organizing principle that renders them "ordered" or

14

"arranged" or "part of a common plan"; and

    f.     explain how the predicate acts/incidents of criminal activity amount to or pose a threat of continued criminal activity.

6.    Describe <u>in detail</u> the enterprise for each RICO claim. A description of the enterprise shall:

    a.     state the names of the individuals, partnerships, corporations, associations, or other entities constituting the enterprise;

    b.     describe the structure, purpose, roles, function, and course of conduct of the enterprise;

    c.     state whether any defendants are employees, officers, or directors of the enterprise;

    d.     state whether any defendants are associated with the enterprise, and if so, how;

    e.     explain how each separate defendant participated in the direction or conduct of the affairs of the enterprise;

    f.     state whether you allege (i) that the defendants are individuals or entities separate from the enterprise, or (ii) that the defendants are the enterprise itself, or (iii) that the defendants are members of the enterprise; and

    g.     if you allege any defendants to be the enterprise itself, or members of the enterprise, explain whether such defendants are perpetrators, passive instruments, or victims of the racketeering activity.

7.    State whether you allege, and describe in detail, how the pattern of racketeering/criminal activity and the enterprise are separate or have they merged into one entity.

8.    Describe the relationship between the activities and the pattern of racketeering/criminal activity. Discuss how the racketeering/criminal activity differs from the usual and daily activities of the enterprise, if at all.

9.    Describe what benefits, if any, the enterprise and <u>each</u> defendant received from the pattern of racketeering/criminal activity.

10.    Describe the effect of the enterprise's activities on interstate or foreign commerce.

11.    If the complaint alleges a violation of 18 U.S.C. § 1962(a) provide the following information:

    a.    describe the amount of income/proceeds derived, directly or indirectly, from a pattern of racketeering/criminal activity, or through the collection of an unlawful debt;

    b.    state who received the income/proceeds derived from the pattern of racketeering/criminal activity or through the collection of an unlawful debt and the date of that receipt;

    c.    describe how and when such income/proceeds were invested or used in the acquisition of the establishment or operation of the enterprise;

    d.    describe how you were directly injured by the investment or use; and

    e.    state whether the same entity is both the liable "person" and the "enterprise" under the § 1962(a).

12.    If the complaint alleges a violation of 18 U.S.C. § 1962(b) provide the following information:

    a.    describe in detail the acquisition or maintenance of any interest in or control of the enterprise;

16

    b.    describe when the acquisition or maintenance of an interest in or control of the enterprise occurred;

    c.    describe how you were directly injured by this acquisition or maintenance of an interest in or control of the enterprise; and

    d.    state whether the same entity is both the liable "person" and the "enterprise" under the § 1962(b) claim.

13.    If the complaint alleges a violation of 18 U.S.C. § 1962(c) provide the following information:

    a.    state who is employed by or associated with the enterprise;

    b.    describe what each such person did to conduct or participate in the enterprise's affairs;

    c.    describe how you were directly injured by such person's conducting or participating in the enterprise's affairs; and

    d.    state whether the same entity is both the liable "person" and the "enterprise" under the § 1962(c) claim.

14.    If the complaint alleges a violation of 18 U.S.C. § 1962(d) describe in detail the conspiracy, including the identity of the co-conspirators, the object of the conspiracy, and the date and substance of the conspiratorial agreement.

15.    Describe the injury to business or property.

16.    Describe the nature and extent of the relationship between the injury and each separate RICO violation.

17.    For each claim under a subsection of § 1962, list the damages sustained by reason of each violation, indicating the amount for which each defendants is liable.

18.    Provide any additional information you feel would be helpful to the Court in processing your RICO claim.

The court in *Farley* ordered the plaintiff there to file not two separate documents, but one – a more definite statement in the form of a RICO Case Statement.  *See Farley*, Case No. 7:06-cv-01864-KOB, doc. 64 at 7.  This court agrees that a more definite statement in the form of a RICO Case Statement shall suffice.

### B.    Other claims

Movants argue that Cruz's claims under 42 U.S.C. §§ 1981 and 2000e are also deficiently pled.  Cruz cites to 42 U.S.C. §§ 1981 and 2000e as additional claims in his Amended Complaint, but he makes no further mention of either statute therein.  While it is true that these claims, unlike his RICO claims, are subject to the less-stringent standard of Rule 8(a), a mere cursory reference to either statute is insufficient to assert a claim thereunder.  *See* Fed. R. Civ. P. 8(a), *supra*.

### 1.    Elwood's Motion to Dismiss

As stated *supra*, Elwood has also moved this court to dismiss Cruz's claims against it.  To support the motion, Elwood offers the same arguments asserted by Movants and addressed by the court *supra*.  Additionally, Elwood argues that Cruz's negligence claim is insufficiently pled.

18

The court acknowledges that Cruz's Amended Complaint does little more than assert "labels and conclusions" as to Defendants' liability for negligence.  In the Amended Complaint, Cruz asserts the following facts in support of his negligence claim against Defendants:

> Cinram or the Staffing Agency Defendants negligently caused, allowed, or continued to allow unauthorized workers to work when a reasonable employer or reasonable employment agency would have known that the continued employment of unauthorized workers was inappropriate. The Defendants had a duty to refrain from such conduct. The Plaintiff and all other members of the Class were damaged thereby. Defendants should be enjoined from future violations and pay damages as determined by the trier of fact.

(Amended Complaint, doc. 15 at ¶ 84).

In *Twombly*, 127 S. Ct. at 1965, the Supreme Court instructed that "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."

Elwood specifically argues that Cruz has failed to properly plead that it was under some type of duty to Cruz.  Upon reviewing the allegations quoted above, the court agrees that Cruz's conclusory statement that "Defendants" owed him a duty "to refrain from such conduct" is the type of pleading condemned by the Supreme Court

19

in *Twombly*.

## III.    CONCLUSION

Based on the foregoing, Cruz's Amended Complaint is insufficient as to <u>all</u> of his claims.  The court, therefore, finds that, at the very least, a more definite statement is necessary to comply with Rule 9(b) as to Cruz's RICO claim and Rule 8(a) as to all other claims.

Accordingly, the Motion for a More Definite Statement/RICO Case Statement is due to be **GRANTED** – specifically, Cruz must file a RICO Case Statement to allege his RICO claims and a more definite statement to as to all of his other claims.

Having considered Elwood's arguments in support of its Motion to Dismiss, and finding them indistinguishable from the arguments offered by Movants in seeking a more definite statement/RICO Case Statement, the court finds that the Motion to Dismiss is due to be **DENIED WITHOUT PREJUDICE** to Elwood's right to refile the motion after Cruz files his amended pleading.  Finally, as the court has explained, the Motion of Cinram International is due to be **DENIED as MOOT**.  A separate Order will be entered.

**DONE** this the 28th day of August, 2008.


**VIRGINIA EMERSON HOPKINS**
United States District Judge